```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| HASSAN ZAKARI FAGGE, | : | |
| | : | CIVIL ACTION NO. 05-3111 (MLC) |
|     Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| JOHN CARBONE, et al., | : | |
| | : | |
|     Defendants. | : | |

**PLAINTIFF**, Hassan Zakari Fagge, ("plaintiff"), bringing this action against John Carbone, Mark Stokes (collectively "federal defendants"), William Fasser, Al Campiana, and Dr. Rajesh Wadhwa (collectively "state defendants"), alleging that defendants violated his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution while he was detained at Monmouth County Correctional Institution ("MCCI") by denying him access to adequate medical treatment and acting with deliberate indifference to his serious medical condition as an insulin-dependent diabetic (dkt. entry no. 20, Am. Compl., at 1-2); and plaintiff also seeking "compensatory and punitive damages for torts in violation of international human rights law and the Alien Tort Claims Act", 28 U.S.C. § 1350 (id. at 2);[1] and

**THE STATE DEFENDANTS** moving for summary judgment as to all claims asserted against them (dkt. entry no. 32); and the state

---

[1] Plaintiff is a citizen of Nigeria and a resident of New York (Am. Compl., at 3), and no longer appears to be incarcerated or otherwise detained (id. at ¶ 20).

defendants arguing that they are entitled to summary judgment because there are no genuine issues as to the material facts and (1) "the treatment rendered to the plaintiff does not rise to the level of 'unnecessary and wanton infliction of pain'" necessary to support a claim of deliberate indifference under the Eighth or Fourteenth Amendment (dkt. entry no. 32, Defs. Br., at 5), (2) "plaintiff has offered no proofs or expert testimony to support his allegations" (id. at 9), and (3) Fasser, the warden of MCCI, is entitled to summary judgment because plaintiff has not made any individual allegations against him and there is no vicarious liability under 42 U.S.C. § 1983 (id. at 11); and

**THE COURT** noting that plaintiff has repeatedly failed to comply with this Court's orders as well as the orders of the Magistrate Judge (see dkt. entry no. 26, 4-05-06 Order to Show Cause ("OTSC"); dkt. entry no. 34, 1-08-07 Letter Order; dkt. entry no. 35, 1-10-07 Order); and the Court further noting that the Magistrate Judge ordered plaintiff, if intending to respond to the state defendants' motion for summary judgment, to "file his opposition in accordance with Federal Rules of Civil Procedure no later than January 29, 2007" and that if plaintiff's opposition failed to comply with the Rules, it would not be considered by the Court (1-10-07 Order, at 1-2); and plaintiff failing to comply with this order and instead sending lengthy papers and exhibits purporting to be opposition to the state

defendants' motion (1) directly to chambers, (2) without a sworn affidavit, (3) without serving the other parties, and (4) weeks after the deadline articulated by the Magistrate Judge; and

**THE COURT** therefore finding that plaintiff has repeatedly failed to comply with the rules and orders of this Court, see Fed.R.Civ.P. 16(f) (party's failure to obey order) and 41(b) (dismissal of claim for failure to comply with federal rules "or any order of court"); and the Court further noting that plaintiff's pro se status does not excuse his non-compliance, see Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. Nov. 15, 2006) (stating litigant's compliance with Rules is expected whenever he brings action in federal court, whether represented by counsel or not), see also In re Amer. Metrocomm Corp., 196 Fed.Appx. 86, 87-88 (3d Cir. 2006) (stating Third Circuit Court of Appeals has "never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines for filing an appeal"); and

**THE COURT** finding that even if the Court were to address the substance of plaintiff's claims, they would be without merit; and the Court finding that plaintiff, in response to the state defendants' prima facie showing of entitlement to judgment, has failed to provide any evidence to support his deliberate indifference and general tort claims; and the Court further finding that the evidence provided by plaintiff and the state

defendants shows that plaintiff was seen regularly, if not daily, by the medical staff at MCCI and that he received insulin and medication on a regular basis (see dkt. entry no. 32, Exs. A-G and Aff. of Kathleen Mateyak); and the Court therefore finding that the state defendants were not deliberately indifferent to plaintiff's medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976);[2] and

**THE COURT**, for the aforementioned reasons, intending to grant the state defendants' motion for summary judgment as to the claims asserted against them, and enter judgment in favor of the state defendants; and for good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[2] Plaintiff's self-described "pendent and ancillary" claims under The Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, are also subject to summary judgment. Even assuming that the ATCA is more than just a "jurisdictional statute," and "creates a cause of action for the commission of torts in violation of the law of nations or a treaty," plaintiff fails to articulate with any specificity how his alleged mistreatment constitutes commission of a tort in violation of international law or a treaty of the United States. Bieregu v. Ashcroft, 259 F.Supp.2d 342, 352-53 (D.N.J. 2003). (See Am. Compl, at 2-3.) The same evidence supporting the Court's conclusion there was no "deliberate indifference" by the state defendants also persuades the Court that plaintiff is unable to show any "breach of duty of care" by the state defendants, or "proximate causation" between the actions or inaction of the state defendants and his alleged injuries. Bieregu, 259 F.Supp.2d at 353-54 (noting that plaintiff could not support a claim under the ATCA in absence of a showing of the requisite elements of any tort claim).