UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
HASSAN ZAKARI FAGGE,          :
                              :    CIVIL ACTION NO. 05-3111 (MLC)
      Plaintiff,              :
                              :    MEMORANDUM OPINION
      v.                      :
                              :
JOHN CARBONE, et al.,         :
                              :
      Defendants.             :
_____:
```

**THE COURT** ordering the plaintiff pro se to show cause why
the amended complaint should not be dismissed insofar as asserted
against the defendants John Carbone and Mark Stokes (collectively,
"Federal Defendants") (dkt. entry no. 38, Order to Show Cause);
and the plaintiff alleging that the Federal Defendants — as well
as the defendants William Fasser, Al Campiana, and Dr. Rajesh
Wadhwa (collectively, "State Defendants") — violated his
Constitutional rights while he was an immigration detainee at
Monmouth County Correctional Institution ("MCCI") by acting with
deliberate indifference toward his serious medical condition as
an insulin-dependent diabetic (dkt. entry no. 20, Am. Compl.);
and

**THE COURT** finding previously, in response to the State
Defendants' prima facie showing of entitlement to judgment, that
the plaintiff failed to provide any support for the deliberate
indifference claims against the State Defendants (dkt. entry no.

36, 2-23-07 Mem. Op.); and the Court further finding that the
evidence provided by the plaintiff and the State Defendants showed
that the plaintiff (1) was seen regularly, if not daily, by the
MCCI medical staff, and (2) received insulin and medication on a
regular basis (see id. at 3-4; dkt. entry no. 32, Exs. A-G & Aff.
of Kathleen Mateyak); and the Court granting judgment to the
State Defendants, as they were not shown to be deliberately
indifferent to the plaintiff's medical needs (dkt. entry no. 37,
2-23-07 Ord. & J.), see Estelle v. Gamble, 429 U.S. 97, 104
(1976); and

　　　IT APPEARING that the Federal Defendants were federal
employees, as the Bureau of Immigration and Customs Enforcement
("BICE") employed Carbone as a field office director, and Stokes
as a detention supervisor (Am. Compl., at 1); and the Federal
Defendants, in response to the order to show cause, arguing that
(1) a Constitutional tort claim may only be brought against them
under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S.
388 (1971), (2) a Bivens claimant must show a deprivation of a
Constitutional right under color of federal law, and (3) such
claims against federal employees in their official capacities are
barred by sovereign immunity (dkt. entry no. 43, Fed. Defs. Br.,
at 1-3); and it appearing that this argument is correct, see Al-
Shahin v. U.S. Dep't of Homeland Sec., No. 06-5261, 2007 WL
2985553, at *6 (D.N.J. Oct. 4, 2007) (dismissing claim against

Carbone and Stokes in their official capacities by immigration detainee held in county jail), <u>Burke v. Gonzales</u>, No. 06-0573, 2006 WL 3762061, at *8 (M.D. Pa. Dec. 21, 2006) (dismissing claim against federal official in official capacity by immigration detainee held in county jail), <u>Alexis v. U.S. Dep't of Homeland Sec.</u>, No. 05-1484, 2005 WL 1502068, at *4 (D.N.J. June 24, 2005) (dismissing claim against Carbone in official capacity by immigration detainee held in county jail); and

**THE FEDERAL DEFENDANTS** arguing further that any claims asserted against them in their individual capacities should be dismissed because the plaintiff has failed to allege that they were personally involved in the alleged Constitutional misconduct that he encountered (Fed. Defs. Br., at 4-5); and the Federal Defendants pointing out that the amended complaint (1) does not allege that Carbone did anything in particular, and (2) merely alleges that Stokes sought to have the plaintiff transferred to a different facility in order to accommodate his medical needs (<u>id.</u> at 5); and the Federal Defendants arguing in reply to the plaintiff's response to the order to show cause — discussed <u>infra</u> — that the plaintiff has:

> failed again to implicate the [F]ederal [D]efendants in any unconstitutional act.  Mr. Fagge complains of medical malpractice while incarcerated at the Monmouth County Jail.  He does not contend that Carbone or Stokes were present at the jail or were charged with his medical care

(dkt. entry no. 44, Fed. Defs. Reply); and the Court, upon
reviewing the plaintiff's handwritten response to the order to
show cause, determining that the Federal Defendants'
interpretation of that response is correct (see dkt. entry no.
39, Pl. Resp.); and it appearing, in any event, that the Court
has already determined that there has been no underlying
unconstitutional conduct committed by the State Defendants; and
the Court thus intending to dismiss the amended complaint insofar
as asserted against the Federal Defendants; and the Court also
intending to close the action, as no claims remain viable;[1] and

     **IT FURTHER APPEARING** that even though the plaintiff is now
pro se here, the amended complaint was drafted by counsel (see
dkt. entry no. 20); and the Court interpreting the amended
complaint as seeking relief for deprivations under the
Constitution and federal law only; but the Court noting that any
cause of action under state law asserted in the amended complaint

---

[1]  Counsel for the Federal Defendants — in an excess of
caution — argues that a Bivens claim (1) against BICE, as it is a
federal agency, would be barred, and (2) may only be brought
against individual employees.  (Fed. Defs. Br., at 2 (citing
Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471
(1994)).)  This argument is correct, and the Court would dismiss
such a claim.  But the Court does not interpret any portion of
the amended complaint as asserting a claim against BICE itself.
The Court will direct the Clerk of the Court to designate the
action insofar as it is listed on the docket as being brought
against BICE as terminated, as BICE is not a defendant here.

would have been dismissed without prejudice to reinstate in state court, see 28 U.S.C. §§ 1367(c)-(d); and

**IT FURTHER APPEARING** that the plaintiff was being detained at MCCI when this action was brought in June 2005, and thus the Court granted his in-forma-pauperis application (dkt. entry no. 2, 6-23-05 Order); but it now appearing that the plaintiff is no longer detained, and resides in Queens, New York (see generally dkt.); and the Court thus intending to rescind his in-forma-pauperis status; and therefore it appearing that if the plaintiff intends to proceed with this action in any manner, then he must either (1) pay whatever fees are necessary in full, including the filing fee, or (2) apply again for in-forma-pauperis relief and discuss his current financial circumstances; and

**IT FURTHER APPEARING** that the plaintiff has failed to abide by Court orders directing him to proceed in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules (see, e.g., 2-23-07 Mem. Op., at 2-3 (noting plaintiff's failure to file documents with Clerk's Office)); and it appearing that it is not possible to maintain an accurate record in an action if a party fails to abide by the aforementioned rules; and the Court thus intending to direct the plaintiff — if he intends to proceed with this action in any manner — to (1) communicate with the Court in writing only, and (2) submit any further papers to the Clerk's Office directly for filing; and the Court advising the

5

plaintiff that any papers that are not submitted to the Clerk's Office will be returned; and for good cause appearing, the Court will issue an appropriate order and judgment.[2]


                                        s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated: December 26, 2007

---

     [2] The Court, in light of the determination here, will not address the part of the order to show cause concerning the plaintiff's lack of prosecution.